UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: HAROLD D. HOOD, DEBTOR                      CASE NO. 05-13354-DWH
                                                   CHAPTER 7

ELAINE B. MORDECAI                                 PLAINTIFF

VERSUS                                             ADV. NO. 05-1168

HAROLD D. HOOD                                     DEFENDANT

OPINION

On consideration before the court is a complaint filed by the plaintiff, Elaine B. Mordecai, against the defendant, Harold D. Hood, a Chapter 7 debtor, seeking a determination that an indebtedness owed by the defendant to the plaintiff is non-dischargeable pursuant to §523(a)(6) of the Bankruptcy Code; an answer to the complaint and affirmative defenses having been filed by the defendant; and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the subject matter of and the parties to this adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A), (I), and (O).

II.

This proceeding has a protracted history. An accurate chronology of the factual events was set forth in the summary of facts proposed by the plaintiff in the pre-trial order which was

entered in this cause of action on September 11, 2008. This chronology is set forth verbatim as follows, to-wit:

> (1) On August 24, 1999, the Plaintiff filed an Amended Complaint against the Defendant, Harold Hood, D/B/A Hood Logging, and John Doe in the Circuit Court of Monroe County, Mississippi in Cause No. 98-205-FM. On August 25, 1999, process was served upon the Defendant. The Defendant did not answer Plaintiff's Complaint in the time required by the Summons and the Mississippi Rules of Civil Procedure and on January 13, 2000, the Plaintiff filed an Application To Clerk For Entry Of Default And Supporting Affidavit.
>
> (2) On January 24, 2000, Plaintiff's Motion For Default Judgment and Application For Writ Of Inquiry was filed. On January 20, 2000, an Order was entered setting the hearing on Plaintiff's Motion For Default Judgment. On January 25, 2003, Plaintiff's Motion For Default Judgment and Application For Writ Of Inquiry and the Order dated January 20, 2000, was served personally upon the Defendant.
>
> (3) On February 1, 2000, the Circuit Court conducted a hearing on Plaintiff's Motion For Default Judgment and Application For Writ Of Inquiry. The Defendant appeared personally and testified that his mailing address was "1414 Hughes Road, Columbus, Mississippi 39702." The Circuit Judge entered an Order granting the Defendant ten (10) days in which to answer Plaintiff's Complaint and imposed $730.00 in sanctions upon the Defendant. A copy of a portion of the Court transcript containing Defendant Hood's statement is Exhibit "P-1."
>
> (4) On February 10, 2000, attorney Luanne Stark Thompson entered an appearance as the Defendant's attorney and filed an Answer to Plaintiff's Complaint and Answer To Plaintiff's First Request For Admissions To Defendant Harold Hood, D/B/A Hood Logging.
>
> (5) On May 4, 2000, Plaintiff's attorney mailed Plaintiff's Request For Production Of Documents to Defendant's attorney. The Defendant did not respond to Plaintiff's Request For Production Of Documents within the time required by the Mississippi Rules of Civil Procedure, and on June 16, 2000, Plaintiff filed a Motion To Compel Response To Plaintiff's Request For Production Of Documents and forwarded a copy to Defendant's attorney.
>
> (6) On June 16, 2000, the Circuit Court entered an Order setting a hearing on Plaintiff's Motion To Compel Response To Plaintiff's Request For Production Of Documents for July 17, 2000. after the hearing on July 17, 2000, the Court entered an Order granting the Defendant 30 days from and after July 17, 2000, in which to fully respond to Plaintiff's Request For Production Of Documents. The Order stated that in the event that said

Response by the Defendant fo Plaintiff's Request For Production Of Documents was not delivered to Plaintiff's attorney before August 17, 2000, then the Answer To Complaint filed by the Defendant and the Answer To Plaintiff's First Request For Admissions To Harold Hood would be stricken and the Plaintiff may then proceed to obtain Judgment by default. This Order was mailed to the Defendant, certified mail, return receipt requested, by Plaintiff's attorney on July 27, 2000. The Order so forwarded to the Defendant was returned by United States Postal Service to Plaintiff's attorney marked "unclaimed." The Order was mailed to the Defendant at the address that he testified was correct at the hearing in which he appeared and testified on February 1, 2000 (See Exhibit "P-1"). A copy of said Order, Plaintiff's cover letter to the Defendant and the envelope in which said Order was mailed is Exhibit "P-2." On August 30, 2000, an Affidavit by Plaintiff's attorney was executed and filed stating that no response was received by the Plaintiff's attorney to Plaintiff's Request For Production Of Documents.

(7) On August 30, 2000, an Order was entered by the Circuit Court of Monroe County, Mississippi, in Cause No. 98-205-FM, striking the Defendant's Answer to Plaintiff's Complaint and also striking Defendant's Answer to Plaintiff's First Request For Admissions. A copy of said Order is Exhibit "P-3."

(8) On August 30, 2000, a Writ Of Inquiry was issued on the case of Elaine B. Mordecai v. Harold Hood in Cause No. 98-205-FM of the Circuit Court of Monroe County, Mississippi. A copy of said Writ Of Inquiry is Exhibit "P-4." On August 30, 2000, an Interlocutory Judgment On Writ of Inquiry was entered in said Cause No. 98-205-DM of the Circuit Court of Monroe County, Mississippi. A copy of said Interlocutory Judgment On Writ Of Inquiry is Exhibit "P-5." On August 30, 2000, a Default Judgment Entered By Court was entered in favor of the Plaintiff herein, Elaine B. Mordecai, against the Defendant herein, Harold D. Hood, in said Cause No. 98-205-FM of the Circuit Court of Monroe County, Mississippi in the total sum of $112,044.00, together with interest at the rate of eight percent (8%) per annum from and after August 30, 2000. A copy of said Default Judgment entered by Court is Exhibit "P-6." The aforesaid Interlocutory Judgment On Writ Of Inquiry, Exhibit "P-5," contains a finding of fact that the basis of said Judgment, as set out in Paragraph III(1) therein, was the acts and actions of Defendant Harold D. Hood in cutting down, destroying and taking away Plaintiff's trees and timber which were willful, intentional and malicious.

(9) The Defendant, Harold D. Hood, continued to fail and refuse to answer Plaintiff's Judgment Debtor Interrogatories and Request For Production Of Documents in said Cause No. 98-205-RM of the Circuit Court of Monroe County, Mississippi, and on April 5, 2001, an Order was entered in said Cause No. 98-205-RM, finding the Defendant in wilful contempt for his failure to answer said Interrogatories and respond to said Request For Production Of Documents, and ordering and directing the sheriff of Monroe County Mississippi, to take the defendant, Harold D. Hood, into custody and to incarcerate him until he shall have answered said Interrogatories and shall have responded to said Request

For Production Of Documents. A copy of said Order is Exhibit "P-8." The sheriff of Monroe County Mississippi took the Defendant into custody and incarcerated him pursuant to said Order, Exhibit "P-8."

(10) On May 4, 2001, the Defendant herein filed a Chapter 13 Bankruptcy proceeding in Cause No. 01-12302 in the United States Bankruptcy Court for the Northern District of Mississippi and he was released from incarceration. On May 24, 2001, the Defendant filed a Motion in said Chapter 13 Bankruptcy proceeding to dismiss said bankruptcy proceeding, and on June 4, 2001 his bankruptcy case was dismissed.

(11) On or about August 10, 2001, the Defendant filed a Motion to set aside the Default Judgment Entered By Court, Exhibit "P-6." On June 26, 2002, the Circuit Court in said Cause No. 98-205-GM conducted a hearing on the Defendant's Motion To Set Aside Default Judgment, and August 12, 2002, the Circuit Court of Monroe County entered an Order overruling Defendant's Motion To Set Aside Default Judgment. A copy of said Order is Exhibit "P-9."

(12) The Defendant, Harold D. Hood, filed an Appeal to the Supreme Court of the State of Mississippi of said Order overruling his Motion To Set Aside Default Judgment, Exhibit "P-6," and on August 31, 2004 the Mississippi Court of Appeals in Cause No. 2002-CA-01593-COA rendered a decision affirming the Order of the Monroe County Circuit Court, Exhibit "P-9." A copy of said decision of the Mississippi Court of Appeals is Exhibit "P-10."

(13) The Defendant, Harold D. Hood, then filed Motion for Rehearing with the Mississippi Court of Appeals of said decision, Exhibit "P-10," and on February 1, 2005, the Mississippi Court of Appeals rendered a decision denying Defendant's Motion For Rehearing. A copy of the Notice of said decision overruling Defendant's Motion For Rehearing is Exhibit "P-11."

(14) The Defendant, Harold D. Hood, then filed a Petition For Writ of Certiorari to the Mississippi Supreme Court, and on April 28, 2005, the Mississippi Supreme Court entered an Order denying Defendant's Petition For Writ Of Certiorari. A copy of said Order is Exhibit "P-12."

(15) On May 19, 2005, the Mississippi Court of Appeals entered its Mandate, commanding the Circuit Court of Monroe County, Mississippi in said Cause No. 98-205-GM to enter execution pursuant to said Default Judgment Entered By Court, Exhibit "P-6." A copy of said Mandate is Exhibit "P-13."

(16) On May 11, 2005, the Defendant filed his Chapter 7 Bankruptcy proceeding in the above styled and numbered cause.

(17) On July 21, 2005, the Plaintiff, Elaine B. Mordecai, filed her Complaint To Determine Dischargeability Of Debt, For Relief From Automatic Stay, For Release Of Non-Exempt Property And For Other relief in the above styled and numbered adversary proceeding.

III.

Significantly, as noted in the chronology of facts hereinabove, a Writ of Inquiry was conducted by the Circuit Court of Monroe County, Mississippi, and an Interlocutory Judgment on the Writ of Inquiry was entered on August 30, 2000. (See Exhibit "P-4" as Exhibit "P-5" respectively.) After conducting the hearing on the Writ of Inquiry, Circuit Judge Barry W. Ford made comprehensive findings of fact and conclusions of law in the Interlocutory Judgment on Writ of Inquiry. Among his findings and conclusions were the following, to-wit:

> (H) Harold Hood, d/b/a Hood Logging, has on two occasions furnished false information to Plaintiff's attorney concerning the sale or conveyance of the Robertson/Allen timber located immediately to the east of Plaintiff's land, specifically, the identity of alleged purchasers of said timber from Harold Hood, d/b/a Hood Logging.
>
> (I) The acts and actions of Harold Hood, d/b/a Hood Logging, in cutting down, destroying or taking away Plaintiff's trees and timber were wilfully and intentionally concealed from the Plaintiff.
>
> (J) The acts and actions of Harold Hood, d/b/a Hood Logging, in cutting down, destroying or taking away Plaintiff's trees and timber were wilful, intentional and malicious.
>
> It is, therefore, ordered and adjudged that, on the Writ Of Inquiry previously issued by the Court, the Plaintiff recover a judgment against Defendant Harold Hood, d/b/a Hood Logging, in the amount of $101,344.00, attorney's fees in the amount of $10,000.00, and the sum of $500.00 as set out in Paragraph IV above, for a total amount of $111,844.00, together with all costs of this suit in the amount of $200.00.

On August 30, 2000, an order was entered in the Circuit Court of Monroe County, Mississippi, striking the defendant's answer to the plaintiff's First Request for Admissions. (See Exhibit "P-3.") A pertinent Request for Admission to which the answer was stricken is set forth as follows:

### REQUEST FOR ADMISSION 11:

Please admit that the acts and actions of Harold Hood, d/b/a Hood Logging, in cutting down, destroying or taking away Plaintiff's trees and timber were wilful, intentional and malicious.

According to Rule 36(b), Federal Rules of Civil Procedure, any matter admitted under this rule is conclusively established. *See, In re Carney*, 258 F.3d 415 (5th Cir. 2001). Consequently, the defendant is deemed to have admitted that his acts and actions in cutting down, destroying, or taking away the plaintiff's trees and timber were willful, intentional and malicious. These are the very elements necessary to establish a claim for nondischargeability of a related indebtedness pursuant to §523(a)(6) of the Bankruptcy Code.

IV.

The plaintiff asserts that all of the elements of her cause of action are established by the theories of collateral estoppel and res judicata as a result of the orders and interlocutory judgment entered in the Circuit Court of Monroe County. In addressing these theories, the following authorities should be noted:

First, the Supreme Court case, *Brown v. Felsen*, 442 U.S. 127, 139 note 10, 99 S.Ct. 2205, 2213 note 10, 60 L.Ed.2d 767 (1979), discussed the issue of the applicability of collateral estoppel in a bankruptcy dischargeability action as follows:

6

> If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of [Section 523 of the present Bankruptcy Code], then collateral estoppel, in the absence of counterveiling statutory policy, would bar relitigation of those issues in bankruptcy court.

*Id.*

Second, in *In re Schuler*, 722 F.2d 1253, 1255 (1984), the Fifth Circuit held that collateral estoppel may be invoked in a dischargeability action, but stated that the bankruptcy court is not bound by the earlier determination and, in fact, retains exclusive jurisdiction to determine the ultimate question of the dischargeability of a debt. In addition, the *Schuler* decision, citing *White v. World Finance of Meridian, Inc.*, 653 F.2d 147, 151 (5th Cir. 1981), set forth the following test for applying the doctrine of collateral estoppel:

(i) The issue to be precluded must be identical to that involved in the prior action,
(ii) the issue must have been actually litigated in the prior action, and
(iii) the issue determination in the prior action must have been necessary to the resulting judgment.

*Schuler*, 722 F.2d 1256 n.2.

Third is the case of *Pancake v. Reliance Insurance Co., (In re Pancake)*, 106 F.3d 1242 (5th Cir. 1997). Pancake, a bank loan officer, was accused by Reliance of loaning money to borrowers that he knew to be poor credit risks in exchange for kickbacks. Reliance, a surety for the bank, sued Pancake in state court alleging fraud. Pancake filed an answer which was stricken because he had failed to comply with certain discovery orders. Pancake did not appear at trial and a default judgment was entered against him. When Pancake subsequently filed bankruptcy, Reliance filed its complaint to determine the dischargeability of the default judgment. The bankruptcy court granted summary judgement for Reliance. On appeal, the district court reversed, stating that the default judgment was not entitled to preclusive effect. The Fifth Circuit

affirmed the district court, concluding that preclusive effect could not be given to the state court judgment because it was unclear from the record whether or not an evidentiary hearing was held in which Reliance was required to meet its burden of proof. "The only indication that the state court held a hearing comes from the final judgment, in which the court states that it heard 'the evidence and arguments of counsel.' That statement alone does not establish that Pancake received a full and fair adjudication on the issue of fraud." *Id.* at 1244. The court went on to state that the nature of a default judgment is immaterial for collateral estoppel purposes so long as the record reflects that the evidentiary hearing was conducted, and the plaintiff's burden of proof was met.

> For purposes of collateral estoppel...the critical inquiry is not directed at the nature of the default judgment but, rather, one must focus on whether an issue was fully and fairly litigated. Thus, even though Pancake's answer was struck, if Reliance can produce record evidence demonstrating that the state court conducted a hearing in which Reliance was put to its evidentiary burden, collateral estoppel may be found to be appropriate.
>
> *Id.* at 1244-45.

Having reviewed the litany of events that occurred in the Monroe County Circuit Court, this court concludes that each of the requirements that are necessary for the application of the theory of collateral estoppel have been established. The Interlocutory Judgment was entered following the Writ of Inquiry proceeding. This is indicative that the state court circuit judge considered the underpinnings of the plaintiff's cause of action prior to making his findings of fact and conclusions of law. He specifically found that the defendant's actions in cutting down, destroying or taking away the plaintiff's trees and timber were willful, intentional, and malicious. He then awarded the plaintiff damages as set forth in the Interlocutory Judgment. This judgment was appealed to the Mississippi Court of Appeals where it was affirmed. It then was further

appealed to the Mississippi Supreme Court which denied the defendant's Petition for a Writ of Certiorari. At the trial of this adversary proceeding, the defendant elected not to testify or offer any proof after the plaintiff rested her case. The relevant issues have been fully and fairly litigated, and this court concludes that the theory of collateral estoppel precludes further litigation regarding the defendant's conduct. As such, the damage amounts set forth in the Interlocutory Judgment on Writ of Inquiry are non-dischargeable in the defendant's bankruptcy case pursuant to §523(a)(6) of the Bankruptcy Code.

The plaintiff also seeks a determination of nondischargeability as to an indebtedness in the sum of $617.00 which the Circuit Court of Monroe County ordered to be paid to the plaintiff's attorney because the defendant failed to answer certain Judgment Debtor Interrogatories, as well as, because he failed to respond to a Request for Production of Documents. At the trial of this adversary proceeding, there was no independent proof offered relative to this particular indebtedness, and it was obviously not contemplated in the Interlocutory Judgment on Writ of Inquiry. Consequently, this indebtedness will not be excepted from discharge.

V.

In summary, the court concludes that the Interlocutory Judgment on Writ of Inquiry in the total amount of $111,844.00, plus court costs in the sum of $200.00, dated August 31, 2000, is a nondischargeable debt pursuant to §523(a)(6) of the Bankruptcy Code. A separate judgment will be entered contemporaneously herewith consistent with this opinion.

This the 8th day of June, 2009.

_____
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE